# United States District Court

FILED by _____ D.C.

MAY 1 5 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

JOSE FERNANDO MENDOZA

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 00-4108-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  May 12, 2000  in  Broward  county, in the

Southern  District of  Florida  defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally possess with the intent to distribute a Schedule I controlled substance, that is a mixture and substance containing a detectable amount of heroin;

in violation of Title 21 United States Code, Section(s) 841(a)(1)

I further state that I am a(n)  Special Agent, DEA  and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:   [x] Yes  [ ] No

Signature of Complainant
ROBERT SHINN, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

May 13, 2000    at  Fort Lauderdale, Florida
Date                City and State

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer         Signature of Judicial Officer

## AFFIDAVIT

Before me, the undersigned personally appeared Robert Shinn, who, being duly sworn, deposes and states:

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA) in Fort Lauderdale, Florida. I have been a Special Agent for approximately three and one half years and am currently assigned to investigate violations of federal narcotics laws. Prior to my employment with the DEA, I was a Police Officer in St. Louis County Missouri for 8 years. During my last two years in St. Louis County I was assigned to a narcotics unit where I conducted narcotics investigations.

2. During my career as a DEA Agent and as a police officer, I have participated in numerous investigations involving violations of narcotics laws, including several of heroin cases. As a result of my experience, I am familiar with the manner and methods used by narcotics traffickers to distribute narcotics.

3. This affidavit seeks the issuance of a complaint for JOSE FERNANDO MENDOZA for possession with intent to distribute heroin, in violation of Title 21, United States Code, Section 841(a)(1).

4. On May 12, 2000, I was contacted by telephone by Special Agent Jeff Moran of the Drug Enforcement Administration, Long Island, New York. Agent Moran informed me that he had information from an informant that a subject known as "Fernando Mendoza" would be coming to the Fort Lauderdale/Hollywood International Airport possibly carrying heroin. Agent Moran further stated that "Fernando Mendoza" had an active federal arrest warrant out of the Eastern District of

1

New York for conspiracy to possess with intent to distribute heroin. Agent Moran furnished a description of Mendoza and further advised that Mendoza would be traveling on Spirit Airlines to New York.

5. On May 12, 2000, members of the Broward County Domestic Drug Interdiction Unit (DIU) and I established surveillance inside the terminal area of the Fort Lauderdale/Hollywood International Airport. At approximately 7:10 P.M., Detective Jose Interian observed a subject, later identified as JOSE FERNANDO MENDOZA, walking up to the Spirit Airlines ticket counter. Detective approached MENDOZA and identified himself as a police officer by displaying his badge and photo identification. Detective Interian asked the subject his name, which he replied "Fernando Mendoza." Detective Interian then conducted a consensual encounter with MENDOZA in Spanish. MENDOZA gave verbal consent to Detective Interian to search his carry-on bag. Detective Interian requested Detective Ted Taranu and his K-9 partner "Chevy" to respond to the scene. Upon arrival Detective Taranu utilized K-9 Chevy to conduct a sniff test, at which time K-9 Chevy alerted to the presence of a narcotic odor emanating from MENDOZA.

6. Detective Interian advised MENDOZA of the positive alert for narcotics, at which time MENDOZA told Detective Interian that he had drugs on him. MENDOZA was placed under arrest and escorted to the DIU office. While en route to the DIU office MENDOZA informed Detective Interian that he had the dope concealed underneath his pants. Upon arrival to the DIU office, Detective Interian requested MENDOZA to remove his pants, at which time S/A observed (4) rectangular shaped bulges inside MENDOZA spandex type shorts. The (4) packages were removed and a field test for heroin was conducted by Detective Interian, which resulted positive. The packages contain approximately 300 grams of heroin.

7.  Detective Interian advised MENDOZA of his rights pursuant to Miranda. MENDOZA waived the right to counsel and agreed to make a statement. MENDOZA then admitted that he was transporting the heroin to New York for redistribution.

FURTHER YOUR AFFIANT SAYETH NOT

ROBERT SHINN, Special Agent
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to
before me this 13th day of May 2000,

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE
United States Magistrate Judge

3